## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **MAC TRUONG,** | Civ. No. 20-00074 (KM) |
| **Plaintiff,** | |
| **v.** | **OPINION** |
| **KENNETH BARNARD,** | |
| **Defendant.** | |

**KEVIN MCNULTY, U.S.D.J.:**

This matter comes before the court on Appellant Mac Truong's appeal of an order of the United States Bankruptcy Court for the District of New Jersey's ("New Jersey Bankruptcy Court") which denied his motion for reconsideration. (D.E. 1 at 1)[1] Mr. Truong and Appellee Rosemary Ida Mergenthaler filed a joint certification

> [i]n support of [Mr. Truong's] motion for an order granting appeal under FRCvP 56 and directing Defendant-Appellee R. K. Barnard to turn over from assets in his custody (a) $575,000.00 plus 10% compounded interest *per annum* as of 5/11/2016 to Mac Truong, and (b) $600,000.00 to Ruediger Albrecht, and (c) balance of $2,793,000.16 to Rosemary Ida Mergenthaler, and (d) other appropriate relief.

(D.E. 3-1) Appellee R. Kenneth Barnard filed a cross-motion to impose a filing injunction (D.E. 8), and Mr. Truong cross-moved to impose sanctions (D.E. 14).

---

[1]    Citations to the record will be abbreviated as follows.

"DE" = Docket entry number in this case.

"16-cv-08591" = *Truong v. Barnard*, Civil Action 16-cv-08591-ES

For the reasons explained in this opinion, I will deny Mr. Truong's motion for reconsideration and for relief under Federal Rule Civil Procedure (FRCP) 56, grant Mr. Barnard's cross-motion to impose a filing injunction, and deny Mr. Truong's cross-motion for sanctions.

## I.   Summary

### A. Facts

On January 14, 2015, Ms. Mergenthaler transferred to Mr. Truong a 25% interest in the property located at 3 Wood Edge Court, Water Mill, New York ("the property") by quitclaim deed for nominal ($10) consideration. (D.E. 3-2 at 56)

Four months later, on May 11, 2015, Ms. Mergenthaler filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code with the United State Bankruptcy Court for the Eastern District of New York ("New York Bankruptcy Court"). (D.E. 3-2 at 62) The New York Bankruptcy Court appointed Mr. Barnard as Ch. 7 Trustee. (D.E. 3-2 at 184)

On August 6, 2015, the New York Supreme Court, Suffolk Cunty, found Ms. Mergenthaler's transfer to Mr. Truong "null and void," thereby invalidating Mr. Truong's interest in the property.[2] (D.E. 3-2 at 184) On November 13, 2016, the New York Bankruptcy Court authorized Mr. Barnard to sell the property "for the sum of $2,300,000.00 . . . free and clear of all liens, claims and encumbrances, of whatever kind or nature." (D.E. 3-2 at 130) Then, on July 31, 2019, the United States District Court for the Eastern District of New York entered a final memorandum and order dismissing Ms. Mergenthaler's

---

[2]     On July 17, 2015, Mr. Truong commenced an action before the United States District Court for the Eastern District of New York seeking intervention while the state case was still pending. *Truong v. Cuthbertson*, 2015 U.S. Dist. LEXIS 106148, at *1 (E.D.N.Y. Aug. 12, 2015). That action was dismissed as frivolous. *Id.* at 7. On February 22, 2016, the Eastern District, inter alia, denied Mr. Truong's motion for reconsideration and enjoined him from "intervening in Rosemary Mergenthaler's bankruptcy proceedings in the Bankruptcy Court for the Eastern District of New York, absent permission from the presiding United States Bankruptcy Judge." *Truong v. Cuthbertson*, 2016 U.S. Dist. LEXIS 21621, at *2 (E.D.N.Y. Fed. 22, 2016).

bankruptcy appeal with prejudice in its entirety. (D.E. 3-2 at 244) Finally, on September 30, 2019, Mr. Barnard filed a certification with the New York Bankruptcy Court confirming that Ms. Mergenthaler's estate had been fully administered. (D.E. 3-2 at 248-61)

### B. Procedural History

In May 2016, Mr. Truong filed for Chapter 7 relief with the New Jersey Bankruptcy Court, listing a 25% interest in the New York property. (D.E. 3-2 at 185) The court appointed Charles A. Forman as trustee. (D.E. 3-2 at 185) Then, on August 4, 2016, Mr. Truong initiated an adversary proceeding in the New Jersey Bankruptcy Court against Ms. Mergenthaler and Mr. Barnard, seeking return of his interest in the property and damages. (D.E. 3-2 at 185)

On August 30, 2016, the Bankruptcy Court authorized Mr. Forman to abandon the property after determining that it was not the property of Mr. Truong's estate and that it was over-encumbered. (D.E. 3-2 at 185) Mr. Barnard then filed a motion to dismiss the adversary proceeding, and Mr. Truong cross-moved for summary judgment. (D.E. 3-2 at 185)

On November 4, 2016, the Bankruptcy Court entered an order (1) dismissing the adversary proceedings as violative of the automatic stay in Ms. Mergenthaler's New York bankruptcy proceeding; (2) granting Mr. Barnard's motion, as Chapter 7 trustee of Ms. Mergenthaler's bankruptcy estate, to dismiss the adversary proceeding with prejudice under Fed R. Civ. P 12(b)(1) and (6); (3) granting Mr. Barnard's motion, individually, to dismiss the adversary proceeding with prejudice under Fed. R. Civ. P. 12(b)(1) and (6); (4) denying Mr. Truong's motion to direct Mr. Barnard to turn over the property or 25% of the property's value and denying Mr. Truong's motion to "vacate and reconsider" the New Jersey Bankruptcy Court's August 30, 2016 order authorizing Mr. Forman to abandon the property; (5) denying Mr. Truong's cross motion for summary judgment; (6) dismissing the adversary proceeding with prejudice; and (7) imposing a filing injunction barring Mr. Truong from

bringing any further application, motion, or adversary proceeding without obtaining the court's prior written permission.[3] (D.E. 3-2 at 123-129)

Defendant appealed those orders to the District Court, and on June 15, 2018, the Honorable Esther Salas affirmed. (16-cv-08591 D.E. 44 at 2) Judge Salas found that (1) the adversary proceeding against Mr. Barnard violated the *Barton* doctrine[4] and (2) violated the *Rooker-Feldman* doctrine.[5] (16-cv-08591 D.E. 44 at 7, 11) Mr. Truong then appealed that determination, and on February 22, 2019, the Third Circuit summarily affirmed. (D.E. 3-2 at 184) The Third Circuit first concluded that the *Rooker-Feldman* doctrine did not apply because Mr. Truong was not a party to the state court action that voided his interest in the property. (D.E. 3-2 at 186-87) However, the Court agreed that Mr. Truong was barred from instituting the adversary proceeding against Mr. Barnard, as trustee, under the *Barton* doctrine. (D.E. 3-2 at 187) Further, the Court affirmed the dismissal against Ms. Mergenthaler because the automatic stay in her bankruptcy case came into effect upon the filing of her bankruptcy petition. (D.E. 3-2 at 188) According to the Court, that stay voided subsequent actions regarding pre-existing debt. (D.E. 3-2 at 188) Finally, the Third Circuit advised Mr. Truong "that he will be subject to sanctions by [the] Court if he continues to file appeals from motions or other pleadings that are designed to circumvent the injunctions imposed by other courts or other actions that [the] Court deems frivolous." (D.E. 3-2 at 189) Mr. Truong's subsequent petition for rehearing was denied and the case was not remanded to the New Jersey Bankruptcy Court. (D.E. 3-2 at 272)

---

[3]    Mr. Truong is a disbarred attorney, *see In re Mac Truong*, 22 A.D.3d 62 (N.Y. App. Div. 1st Dep't 2005), and is subject to multiple filing injunctions by various courts, *see, e.g.*, *In re Truong*, 335 F. App'x 156, 158 n.5 (3d Cir. 2009); *In re Truong*, 2015 Bankr. LEXIS 54, *4-6 (Bankr. S.D.N.Y. Jan. 9, 2015); *Truong v. Cuthbertson*, 2016 U.S. Dist. LEXIS 21621, *5, 8 (E.D.N.Y. Feb. 22, 2016).

[4]    *Barton v. Barbour*, 104 U.S. 126, 128-29 (1881).

[5]    *D.C. Court of Appeals v. Feldman*, 460 U.S. 464 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923)

On June 25, 2019, Mr. Truong filed with the New Jersey Bankruptcy Court a motion for reconsideration of its November 4, 2016 order dismissing the adversary proceeding (D.E. 3-2 at 269), which was denied on December 20, 2019 (D.E. 3-2 at 327-33). At the October 30, 2019 hearing, the Bankruptcy Court concluded that Mr. Truong "exhausted his Appellate remedies" and has no right to seek relief *via* reconsideration. (D.E. 3-2 at 272) In addressing the merits of Mr. Truong's motions, the court found the following: (1) dismissal of the adversary proceeding went beyond the *Rooker-Feldman* doctrine; (2) the court does not have subject matter jurisdiction over the property because jurisdiction belonged to the New York Bankruptcy Court; (3) the *Barton* doctrine necessitated dismissal; (4) the full faith and credit laws of 28 U.S.C. 1756 applied to the orders of the New York state court and the New York Bankruptcy Court; (5) res judicata and collateral estoppel prevented adjudication by the New Jersey Bankruptcy Court; and (6) Mr. Truong's motion for reconsideration is untimely, having been made nearly three years after the dismissal of the adversary proceeding. (D.E. 3-2 at 273-79) The court also determined that Mr. Truong's motion for sanctions is without merit because he cited no order that Mr. Barnard is alleged to have violated. (D.E. 3-2 at 281) Finally, the court found Mr. Truong's litigation conduct "vexatious and inappropriate and duplicative" (D.E. 3-2 at 284) and imposed a filing injunction (D.E. 3-2 at 127-28).

Mr. Truong's appeal from that order denying his motion for reconsideration is now before this Court.

## II.   Discussion

### a. Legal standard

Under FRCP 60(b), made applicable to bankruptcy cases by Bankruptcy Rule 9024, there are six grounds for relief from a final judgment, order, or proceeding:

> (1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Reconsideration is an "extraordinary remedy," to be granted "sparingly." *NL Indus. Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996). Generally, reconsideration is granted in three scenarios: (1) when there has been an intervening change in the law; (2) when new evidence has become available; or (3) when necessary to correct a clear error of law or to prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995); *Carmichael v. Everson*, No. 3-cv-4787, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004).

Mr. Truong also seeks relief under FRCP 56.

FRCP 56(a) provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See Kreschollek v. S. Stevedoring Co.*, 223 F.3d 202, 204 (3d Cir. 2000); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In deciding a motion for summary judgment, a court must construe all facts and inferences in the light most favorable to the nonmoving party. *See Boyle v. Cnty. of Allegheny Pennsylvania*, 139 F.3d 386, 393 (3d Cir. 1998) (citing *Peters v. Delaware River Port Auth. of Pa. & N.J.*, 16 F.3d 1346, 1349 (3d Cir. 1994)). The moving party bears the burden of establishing that no genuine issue of material fact remains. *See Celotex*, 477 U.S. at 322-23. "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by

'showing' — that is, pointing out to the district court — that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

### b. Appellant's Motion for Order Granting Appeal Under FRCP 56

Mr. Truong appeals the New Jersey Bankruptcy Court's denial of his motion for reconsideration (D.E. 12 at 1) and, on January 12, 2020 and January 19, 2020, filed identical motions for an order directing Mr. Barnard to turn over (1) to Mr. Truong $575,000 plus compounded interest at 10% per annum from May 11, 2015 to the date of return; (2) to third-party Ruediger Albrecht, Ms. Mergenthaler's alleged lawful creditor, $600,000; and (3) to Ms. Mergenthaler the balance of her alleged assets ($2,793,000.16 minus the payments to Mr. Truong and Mr. Albrecht) (D.E. 3 and 7). Mr. Truong further seeks an order

> [d]irecting that all concerned Parties herein are encouraged and/or fully granted leave to file jointly and/or separately their civil and/or criminal complaints or causes of action, in spite of the Barton doctrine and/or related legal theories, concerning Chapter 7 Trustee R. Kenneth Barnard and/or U.S. Trustee and/or their agents, representatives, professionals or attorneys at law's extremely egregious misconduct in this matter since May 11, 2015 with appropriate authorities of the United States government for further investigation, indictment, and/or appropriate prosecution, or sanction or payment of appropriate penalties and/or compensation to victims of their misconduct.

(D.E. 3 and 7) Finally, Mr. Truong seeks "further appropriate relief as may be warranted in the circumstances." (D.E. 3 and 7)

In briefing to this court, Mr. Truong contends that the New Jersey Bankruptcy Court's December 20, 2019 order "is erroneous as a matter of law" in that the court determined it has no subject matter jurisdiction to grant the relief Mr. Truong seeks. (D.E. 12 at 45) In opposition, Mr. Barnard submits that (1) Mr. Truong's motion for reconsideration is untimely (D.E. 20 at 14); (2) the New Jersey Bankruptcy Court did not abuse its discretion in denying Mr.

Truong's motion for reconsideration (D.E. 20 at 17); and (3) notwithstanding the above, Mr. Truong's appeal is barred by the doctrine of equitable mootness because Ms. Mergenthaler's entire bankruptcy estate was disbursed pursuant to valid orders of the New York Bankruptcy Court (D.E. 20 at 19-20).

As a threshold matter, I find Mr. Truong's motion is untimely. Mr. Truong filed this motion for reconsideration two and one-half years after the entry of the November 4, 2016 order. (*See* D.E. 3-2 at 269) Although Mr. Truong did not articulate the grounds for his motion for reconsideration, the New Jersey Bankruptcy Court surmised "that Mr. Truong is arguing mistake or possibly fraud." (D.E. 3-2 at 279) Indeed, before this court, Mr. Truong contends that the New Jersey Bankruptcy Court erred as a matter of law in finding that it did not have subject matter jurisdiction to grant the relief sought. (D.E. 12 at 45) Further, Mr. Truong submits that Mr. Barnard's administration of Ms. Mergenthaler's estate constituted fraudulent conduct. (*See* D.E. 12 at 8) Motions for reconsideration premised on mistake and fraud are subject to a one-year time limit. FRCP 60(c)(1). Thus, Mr. Truong's motion is untimely. Further, even if Mr. Truong's motion was timely filed, he has not demonstrated either (1) an intervening change in the law; (2) the availability of new evidence; or (3) a necessity to correct a clear error of law or prevent manifest injustice. *See North River Ins. Co.*, 52 F.3d at 1218.

Further still, Mr. Truong's request for relief under FRCP 56, which is intertwined with his motion of reconsideration, fails under the *Barton* doctrine and under principles of equitable mootness.

In *Barton v Barbour*, the Supreme Court recognized the general requirement that "before suit is brought against a receiver[,] leave of the court by which he was appointed must be obtained." 104 U.S. 126, 128 (1881). In *In re VistaCare Grp., LLC*, the Third Circuit extended the *Barton* doctrine to bankruptcy trustees. 678 F.3d 218, 222 (2012). Thus, the "doctrine generally deprives courts of jurisdiction over claims against a bankruptcy trustee unless the plaintiff first obtains the Bankruptcy Court's permission to assert them."

*Mathis v. Philadelphia Electric Co.* 644 Fed. App'x 113, 116 (3d Cir. 2016).
"Because a judgment against the trustee . . . may affect the administration of
the estate, '[t]he requirement of uniform application of bankruptcy law dictates
that all legal proceedings that affect the administration of the bankruptcy
estate' be either brought in the bankruptcy court or with the permission of the
bankruptcy court." *In re VistaCare*, 678 F.3d at 228 (quoting *In re Crown
Vantage, Inc.*, 421 F.3d 963, 971 (9th Cir. 2005))

As was concluded by Judge Salas, and later affirmed by the Third
Circuit, Mr. Truong's adversary proceeding was correctly dismissed because he
failed to seek leave of the New York Bankruptcy Court before filing his
complaint against Mr. Barnard in the New Jersey Bankruptcy Court. (16-cv-
08591 D.E. 44 at 7; D.E. 3.2 at 187-88) Therefore, under the *Barton* doctrine,
the court lacks jurisdiction to grant the relief sought by Mr. Truong. *See
Mathis*, 644 Fed. App'x at 166. I see no justification to depart from those well-
reasoned decisions.

Notwithstanding the above, Mr. Truong's motion is also barred by
principles of equitable mootness.

Factors considered by a court in determining whether it would be
equitable to reach the merits of a bankruptcy appeal include

> (1) whether the reorganization plan has been
> substantially consummated, (2) whether a stay has
> been obtained, (3) whether the relief requested
> would affect the rights of parties not before the court, (4)
> whether the relief requested would affect the success of
> the plan, and (5) the public policy of affording finality to
> bankruptcy judgments.

*In re Continental Airlines*, 91 F.3d 553, 560 (3d Cir. 1996) While the weighing of
those factors varies depending on the circumstances, "the foremost
consideration [is] whether the reorganization plan has been substantially
consummated." *Id.* The Bankruptcy Code defines "substantial consummation"
as "(A) transfer of all or substantially all of the property proposed by the plan to
be transferred; (B) assumption by the debtor or by the successor to the debtor

9

under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and (C) commencement of distribution under the plan." 11 U.S.C. § 1101(2); *Continental Airlines*, 91 F.3d at 561. "In such instances, the strong public interest in the finality of bankruptcy reorganizations is particularly compelling." *Continental Airlines*, 91 F.3d at 561.

Here, Ms. Mergenthaler's estate has been fully administered. (D.E. 3-2 at 248-61) Thus, the estate has been substantially consummated, *see* 11 U.S.C. § 1101(2). The public interest warrants maintaining the finality of bankruptcy reorganization in this matter, *see Continental Airlines*, 91 F.3d at 561.

### c. Appellee's Cross-Motion to Impose a Broader Filing Injunction

Under the All Writs Act, 28 U.S.C. § 1651, district courts are authorized "to issue inunctions restricting the filing of meritless pleadings by litigants where the pleadings raise issues identical or similar to those that have already been adjudicated." *Matter of Packer Ave. Assocs.*, 884 F.2d 745, 747 (3d Cir. 1989). However, that power is guarded: "such injunctions are extreme remedies and should be narrowly tailored and sparingly used." *Id.*; *Abdul-Akbar v. Watson*, 901 F.2d 329, 332 (3d Cir. 1990). Nevertheless, "the district courts in this circuit may issue an injunction to require litigants to obtain the approval of the court before filing further complaints." *Abdul-Akbar*, 901 F.2d at 332.

Mr. Truong is subject to several filing injunctions in other courts. *In re Truong*, 335 F. App'x 156, 158 n.5 (3d Cir. 2009); *In re Truong*, 2015 Bankr. LEXIS 54, *4-6 (Bankr. S.D.N.Y. Jan. 9, 2015); *Truong v. Cuthbertson*, 2016 U.S. Dist. LEXIS 21621, *5,8 (E.D.N.Y. Feb. 22, 2016). Further, the New Jersey Bankruptcy Court twice imposed a filing injunction in this matter.[6] (D.E. 3-2 at 127-28; 331) Additionally, the U.S. Court of Appeals for the Third Circuit warned Mr. Truong that he will be subject to sanctions "if he continues to file appeals from motions or other pleadings that are designed to circumvent the injunctions imposed by other courts or other actions that [the] Court deems

---

[6] Although Mr. Truong's motion seeking leave to appeal the December 20, 2019 order was not adjudicated, the Clerk's Office transmitted this appeal.

frivolous." (D.E. 3-2 at 189) Despite those previous injunctions and warnings, Mr. Truong filed this belated and meritless motion for reconsideration reiterating the same arguments that he raised in the New York Bankruptcy Court and on his direct appeal of the November 4, 2016 order. (*See* D.E. 3-2 at 268-69) Therefore, I find Mr. Truong has persistently filed meritless pleadings that raise similar issues to those that have been adjudicated by multiple courts. *See Packer Ave. Assocs.*, 884 F.2d at 747; *see also In re Truong*, 335 F. App'x at 158 n.5 (noting that Mr. Truong "has consistently spurned court orders. And the bulk of his voluminous filings appear to be no more than attempts to re-litigate issues already decided against him as a tactical move to prolong his bankruptcy proceedings seemingly ad infinitum.")

Although imposition of a filing injunction is an extreme remedy, I find it appropriate here.

### d. Appellant's Cross Motion to Impose Sanctions

Finally, before the court is Mr. Truong's cross-motion for sanctions. (D.E. 14) Specifically, Mr. Truong requests the court to sanction Mr. Barnard and/or his attorneys under FRCP 11 "for having willfully made numerous material misrepresentations of fact and or/law to mislead the court to obstruct justice and/or delay the proceeding." (D.E. 14 at 1)

The court may impose sanctions if it determines that Rule 11(b) has been violated. That rule provides:

> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

11

> (3) the factual contentions have evidentiary support or,
> if specifically so identified, will likely have evidentiary
> support after a reasonable opportunity for further
> investigation or discovery; and
> (4) the denials of factual contentions are warranted on
> the evidence or, if specifically so identified, are
> reasonably based on belief or a lack of information.

"Generally, sanctions are prescribed only in the exceptional circumstance where a claim or motion is patently unmeritorious or frivolous." *Ford Motor Co. v. Summit Motor Prod., Inc.*, 930 F.2d 277, 289 (3d Cir. 1991) (citation and internal quotation marks omitted). The determination of whether to impose sanctions under Rule 11 is left to the discretion of the District Court. *Gary v. Braddock Cemetery*, 517 F.3d 195, 201 (3d Cir. 2008); *Brubaker Kitchens, Inc. v. Brown*, 280 F. App'x 174, 185 (3d Cir. 2008) ("It is well-settled that the test for determining whether Rule 11 sanctions should be imposed is one of reasonableness under the circumstances, the determination of which falls within the sound discretion of the District Court.")

For the reasons previously explained, I granted Mr. Barnard's requests for relief. His claims and motion are not "patently unmeritorious or frivolous," *see Ford Motor Co.*, 930 F.2d at 289; on the contrary, they are correct. *A fortiori,* they do not violate the requirements of Rule 11(b). Therefore, I will deny Mr. Truong's cross-motion for sanctions.

## III.   Conclusion

For the reasons set forth above, I will deny Mr. Truong's motion for reconsideration and for relief under FRCP 56, grant Mr. Barnard's cross-motion to impose a filing injunction, and deny Mr. Truong's cross-motion for sanctions. An appropriate order follows.

Dated: September 24, 2020

/s/ Kevin McNulty

_____

**Kevin McNulty**
**United States District Judge**